## HAYES *v.* TOWNS.

FISH, C. J. Upon the trial of an action for the specific performance of a parol contract relating to the purchase of land, the evidence submitted in behalf of the plaintiff tended to show the following facts:   Plaintiff and defendant entered into a parol agreement under the terms of which they were to purchase from a third person a described lot of land, plaintiff and defendant each to pay one half of the purchase-price.   Defendant was to negotiate the purchase, take from the seller a bond for title to both plaintiff and defendant, and to make the payments, one of which was to be cash, and the balance in one and two years thereafter. Upon payment of all of the purchase-price to the seller, plaintiff was to get a deed to the south half and the defendant to the north half of the lot.   Defendant took a bond for title in his own name, informing plaintiff, who was unable to read, that the bond was in the names of both himself and plaintiff.   Thereupon plaintiff paid to defendant half of the first payment, which defendant paid to the seller.   Plaintiff, upon the maturity of the second payment, offered to pay his half of the same to defendant, but defendant refused to accept the same, saying that he was unable to pay his half and would arrange with the seller in reference to the second payment.   Upon maturity of the last pay-

ment, plaintiff tendered to defendant the balance due by plaintiff as his half of the remaining purchase-money, which defendant refused to accept, and for the first time denied that he had made any contract for the purchase of the land with plaintiff, and claimed that the contract had been made between plaintiff and defendant's wife. Defendant had lived on the north half of the land several years, cleared ten acres thereon, and had leased the timber on the whole lot for sawmill purposes. The amounts received by defendant for the timber, when added to the amount of money plaintiff had paid defendant, amounted to more than plaintiff's half of the purchase-price. *Held*, that a nonsuit was properly granted, for the reason that there was no evidence tending to show that the seller had conveyed the land or any portion thereof to defendant, or that the seller had been paid all of the purchase-price of the land, or that defendant had title to the land or any portion thereof, from any source.

*Judgment affirmed. All the Justices concur, except Hill, J., not presiding.*
DECEMBER 15, 1911.

Petition for specific performance. Before Judge Conyers. Jeff Davis superior court. September 7, 1910.

*W. W. Bennett,* for plaintiff.
*Graham & Graham,* for defendant.